Andrew L. Morrison (AM 1071)
Zoe F. Feinberg (ZF 7705)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400

Michael E. Lowenstein (ML 5876)
Kathleen M. K. Matthews (KM 9138)
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 288-3131



*Attorneys for rue21, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
PEGASUS INTEGRATED CONSULTING, CORP.,

               Plaintiff,

      -against-

rue21, INC.,

               Defendant.
------------------------------------------------------------x

**Judge Pauley**

**07 CV 3245**
Case No.

[N.Y. Sup. Ct. N.Y. County
Index No. 07/601111]

## NOTICE OF REMOVAL

Defendant rue21, Inc. ("rue21"), by its attorneys Reed Smith LLP, petitions this Court to remove this action from the Supreme Court of the State of New York, County of New York, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and alleges as follows:

    1.    On April 3, 2007, Pegasus Integrated Consulting, Corp. ("Pegasus") commenced this action against rue21 by the filing of a Summons and Complaint in the Supreme Court of the State of New York, New York County, Index No. 07/601111. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

    2.    On or about April 6, 2007, Pegasus served the Summons and Complaint upon

rue21 by service on the New York Secretary of State.

3.  The state court where this action was originally filed is located in New York, New York, which is in this judicial district, as required by 28 U.S.C. § 1441(a).

4.  At the time this action was commenced in the Supreme Court of New York County, and as set forth in the Complaint, Pegasus was and upon information and belief still is, a New York corporation with offices located at 520 Eighth Avenue, Suite 900, New York, New York 10018.

5.  At the time this action was commenced in the Supreme Court of New York County, and as alleged in the Complaint, rue21 was and still is, a Pennsylvania corporation with its principal place of business at 800 Commonwealth Drive, Suite 100, Warrendale, Pennsylvania 15086.

6.  In the Complaint, Pegasus claims damages in excess of $75,000, exclusive of attorneys' fees, interest and costs.

7.  Accordingly, had this action been brought here originally, this Court would have had original jurisdiction over the subject matter under the provisions of 28 U.S.C. § 1332 in that it is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states. As a result, this action may be removed to this Court pursuant to the provisions of 28 U.SC. § 1441.

8.  This Notice is timely as it is being filed within 30 days of service upon rue21 of the Complaint, the initial pleading setting forth Pegasus' claim for relief.

9.  Accordingly, the statutory requirements have been met, this action is properly removed to this Court.

Case 1:07-cv-03245-WHP    Document 1    Filed 04/23/2007    Page 3 of 20

- 3 -

**WHEREFORE**, rue21 requests that the aforementioned civil action commenced against it be removed to this Court for all future proceedings.

Dated: New York, New York
       April 23, 2007

REED SMITH LLP

By: _____
    Andrew L. Morrison (AL 1071)
    Zoe F. Feinberg (ZF 7705)
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

Michael E. Lowenstein (ML 5876)
Kathleen M. K. Matthews (KM 9138)
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219
(412) 288-3131

Attorneys for Defendant
rue21, Inc.

TO: Tony C. Chang, Esq.
    299 Broadway, Suite 1700
    New York, New York 10007

    Attorney for Plaintiff
    Pegasus Integrated Consulting, Corp.

- 3 -

# EXHIBIT A

Case 1:07-cv-03245-WHP    Document 1    Filed 04/23/2007    Page 4 of 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X   Index No.: _____
PEGASUS INTEGRATED CONSULTING, CORP.,

                           Summons Filed On:

           Plaintiff,   _____

-against

                           SUMMONS

RUE21, INC.   07601111

           Defendant.
--------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to answer the complaint in this action and to serve a copy of your answer upon the undersigned within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete, if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of the venue designated is the Plaintiff's place of business.

Dated:  March 27, 2007
          New York, New York

                                                  TONY C. CHANG, ESQ.
                                                  299 Broadway, Suite 1700
                                                  New York, New York 10007
                                                  (212) 868-9190



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X   Index No.: 601111/07
PEGASUS INTEGRATED CONSULTING, CORP.,

                         Plaintiff,

-against-                                   **COMPLAINT**

RUE 21, INC.

                         Defendant.
---------------------------------------------------------------X

        Plaintiff, PEGASUS INTEGRATED CONSULTING, CORP., (hereinafter called "Pegasus" or the "Plaintiff"), by its attorneys, Tony C. Chang, Esq., as and for its Complaint against RUE 21, INC., (hereinafter called "Rue 21" or the "Defendant") alleges as follows:

### NATURE OF THE ACTION

        1.    This is an action to recover sums of money due and owing to the Plaintiff through the sale of goods manufactured and delivered by the Plaintiff to the Defendant with a value of $552,616.16. Plaintiff also seeks to recover damages for costs and expenses related to Defendant's actions.

        2.    This is also an action to recover sums of money due and owing to the Plaintiff from breach of contract and damages resulting thereof from cancelled orders in which Plaintiff had already committed and spent monies to procure materials and commence manufacturing of goods and merchandise for the Defendant.

        3.    This is also an action to recover sums of money due and owing to the Plaintiff from breach of contract and tortuous interference resulting from the cancellation of confirmed purchase orders given to Plaintiff by Defendant.

## THE PARTIES

4. Pegasus is a New York corporation doing business in the garment manufacturing and wholesale distribution industry with its offices located at 520 Eighth Avenue, Suite 900, New York, New York 10018.

5. Pegasus and its predecessors have been in the garment manufacturing business for many years producing various forms of clothing and accessories for the retail industry.

6. Pegasus, through its affiliated companies, Kaotic Love and Hung Tat, has conducted business with Defendant in the wholesale manufacturing and distribution of garments and apparel.

7. Upon information and belief, Rue21, Inc. is a Pennsylvania corporation founded in 1977 with its head office located at located at 800 Commonwealth Drive, Suite 100, Warrendale, PA 15086. Its core business involves the retail sales of clothing and apparel.

8. Rue21, Inc. is a leading specialty discount retailer offering the latest fashions for girls and guys through their 280 retail stores in 41 states. Rue21 owns or operates at least thirteen stores in the State of New York.

## FACTUAL BACKGROUND

9. Pegasus is in the garment manufacturing and whole sale distribution business for a variety of garment merchandise. Plaintiff, its predecessors and affiliates have conducted business with Rue21 and its predecessors for several years. Through the course of their business relationship they have engaged in manners of business conduct consistently adhered to over the course of their working relationship. Customarily, the Plaintiff would received purchase orders from Defendant to manufacturer and ship various items of female and male

2

apparel for its retail sales business. Plaintiff through one of its affiliated manufacturing entity would create, design, manufactured, finished and ship the garment wear for Defendant.

10.     On or about May 2006 through November 2006, Defendant solicited and placed with Pegasus numerous purchase orders for various styles and makes of merchandise for their retail operations. In return the Defendant consented to pay the agreed upon price of the items to be manufactured and sold by Plaintiff. The parties agreed upon net 60 days terms for payment and on occasion net 75 days.

11.     Defendants continued to place orders to Plaintiff for various garment items (referred to hereinafter as the "Property"). The total outstanding amount due and owing to the Plaintiff equals $552,616.16 for the Property made and delivered to the Defendants.

12.     The payment terms agreed upon by the parties were net 60 days. However, the Defendant failed to submit any payments. Defendant accepted delivery without protest and has distributed the merchandise to their retail stores for sale. The Property has not been returned to the Plaintiff.

13.     Defendant has refused to submit payment in full. Instead Defendant has engaged in bad faith and deceptive practice through utilizing non-compliance charge forms and improper credits to deduct and offset wrongful amounts of which Defendant is not entitled.

14.     Through Defendant's own documentary evidence it is clear that the parties herein had mutual agreements to resolve any disputed issues regarding specified purchase orders and invoices. However, Defendant circumvented these agreement by breaching the terms of the mutually agreed upon agreement.

15.     Additionally, Defendant continued to justify its charge backs credits for late shipments even after credits were already provided by the Plaintiff. Defendant continued in its

bad faith and tortuous manner by systematically generating non-compliance charge forms retroactively to in effect create credits against invoice balances due and owing to the Plaintiff.

16.     Defendant further engaged in bad faith conduct by utilizing credits in an untimely and improper manner. Notwithstanding the fact that the parties had mutually agreed that certain credits would only be provided if such credits would be applied to subsequent and much later purchase orders. Nevertheless, Defendant in breach of the agreement accelerated the application of credits and applied same against current and past invoices. Defendant's wrongful actions have caused significant damages to the Plaintiff.

17.     On or about November 2006, Defendant cancelled all pending purchased orders then held by the Plaintiff, including those which were in middle of production. The total amount of purchase orders cancelled totaled over $2,000,000.00. Defendant's bad faith actions cause Plaintiff to suffer significant money damages along with negative good will with its manufacturing entities.

18.     Notwithstanding Defendant's unilateral cancellation of all pending purchase orders, Defendant continue to engage in dilatory and deceiving activities. Defendant stopped all payments of then outstanding invoices to the Plaintiff. Defendant further accelerated all pending credits due on future purchase orders, created and retroactively formulated non-compliance charge credits, breached agreements for payments to the Plaintiff, and systematically deducted almost the complete accounts payable to the Plaintiff.

19.     Defendants actions caused the Plaintiff to suffer loss revenue, loss business opportunity and business income. Plaintiff further lost monies expended for the production of merchandise already ordered by the Defendant and in middle of manufacturing.

4

20. Defendant has breached the terms of numerous agreements made with the Plaintiff and defrauded the Plaintiff out of monies due and owing to the Plaintiff.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

21. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 20 above as if fully restated herein.

22. The Purchase Orders are valid and binding contracts between Plaintiff and the Defendant.

23. Plaintiff fully complied with its duties, responsibilities and obligations under the Purchase Orders.

24. Pursuant to the terms of the Orders, Defendant has a legally binding obligation to pay the agreed upon price for the Property received from the Plaintiff within sixty (60) days upon receipt. Defendant has received the Property but has failed to comply with these terms and monies are still due and owing to the Plaintiff.

25. Despite Plaintiff's demands, the Defendant has refused to tender payment for the Property received.

26. The failure to pay for the Property constitutes a breach of contract.

27. As a result of the wrongful conduct of the Defendants, Plaintiff has been damaged in an amount to be determined at trial but in an amount not less than $552,616.16.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

28. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 27 above as if fully restated herein.

29. The Purchase Orders are valid and binding contracts between Plaintiff and the Defendant.

30. Defendant wrongfully canceled pending purchase orders in the middle of production with the Plaintiff. Plaintiff had already allocated and expended monies toward the manufacturing and production of the merchandise contained in the canceled purchase orders.

31. Plaintiff relied upon Defendants agreement to fulfill its obligations under the terms of the purchase orders all to its detriment.

32. Defendant's wrongful cancellation of the purchase orders caused Plaintiff to suffer monetary damages in an amount no less than $1,350,000.00.

33. Despite Plaintiff's demands, the Defendant has refused to tender payment for the damages suffered by the Plaintiff.

34. The failure to pay for the damages constitutes a breach of contract

35. As a result of the wrongful conduct of the Defendants, Plaintiff has been damaged in an amount to be determined at trial but in an amount not less than $1,350,000.00.

## THIRD CAUSE OF ACTION
### (Breach of Duty of Good Faith)

36. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 35 above as if fully restated herein.

6

37. Defendant knew or should have known that Plaintiff was already in the process of manufacturing the merchandise contained in the pending purchase orders.

38. Such cancellations were a breach of Defendant's duty of good faith in performance is explicit in the purchase orders.

39. This unwarranted breach of agreement by Defendant denied Plaintiff the ability to continue its sale of goods and resulted in lost profit income reasonably believed to amount to $500,000.

40. As a result of Defendant's breach of duty to good faith the Plaintiff has been damaged in an amount to be determined at trial but in an amount not less than $500,000.00.

### FOURTH CAUSE OF ACTION
(Breach of Contract)

41. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 40 above as if fully restated herein.

42. Plaintiff reasonably relied upon to its detriment the pending purchase orders already submitted to the Plaintiff by the Defendant.

43. Defendant unilateral cancellation of $2,000,000.00 in purchase orders constitutes a breach of contract between the parties.

44. The cancellation caused Plaintiff to suffer loss profit and business income reasonably determined to be $400,000.00.

45. As a result of Defendant's breach of contract the Plaintiff has been damaged in an amount to be determined at trial but in an amount not less than $400,000.00.

7

## FIFTH CAUSE OF ACTION
### (Tortious Interference with Contract)

46. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 45 above as if fully restated herein.

47. Defendant engaged in a systematic behavior of tortiously interfered with Plaintiff's business by wrongfully applying non-compliance charge back in a retroactive manner. Charge back forms were completed months after acceptance of merchandise by the Defendant.

48. Defendant further applied credits unrelated to invoices due and owing to the Plaintiff by applying credits not due until a later date to past invoices.

49. Plaintiff was further damaged by Defendant's action involving double credits against invoices. Whereas Defendant would negotiate a credit back against invoices and subsequently at a much later date formulate a non-compliance charge back form adding further credits against invoices.

50. Defendant would issue unilateral credits against merchandise received unauthorized by the Plaintiff.

51. Defendant actions constitute tortuous interference with contract terms against the Plaintiff.

52. By reason of the foregoing, Plaintiff has suffered damages in a reasonably determined to be $500,000.00.

53. As a result of Defendant's tortuous interference the Plaintiff has been damaged in an amount to be determined at trial but in an amount not less than $500,000.00.

8

## SIXTH CAUSE OF ACTION
### (Quantum Meruit)

54. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 53 above as if fully restated herein.

55. The Orders constituted legally binding obligations on the Defendant to pay for the Property sold to the Defendant.

56. Defendant accepted delivery of the Property sold by the Plaintiff and distributed same to its retail operations.

57. Plaintiff complied with its duties, responsibilities and obligations under the Orders and is entitled to payment of the Property sold to the Defendants.

58. Plaintiff is entitled to payment and recover of the stated value of the Property, which is an amount no less than $552,616.16.

59. Despite Plaintiff's demands, the Defendants wrongfully, intentionally and in disregard of Defendant's obligations to Plaintiff, have failed to pay or reimburse Plaintiff for the stated value of the Property.

60. As a result, Plaintiff has been damaged in an amount to be determined at trial, but in an amount not less than $552,616.16.

## SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

61. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 60 above as if fully restated herein.

62. Plaintiff sold the Property to Defendants and Defendants accepted the Property. The Property is valued at $552,616.16.

63. The Property has been accepted and distributed by the Defendant to its retail operation for sale to the general public.

64. Defendants have refused to pay Plaintiff for the Property.

65. Defendants have been unjustly enriched in the amount of $552,616.16.

66. As a result, Plaintiff has been damaged in an amount to be determined at trial, but in an amount not less than $552,616.16.

### EIGHTH CAUSE OF ACTION
(Specific Performance)

67. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 66 above as if fully restated herein.

68. Plaintiff contracted with Defendant for the production of the Property through the purchase orders.

69. Plaintiff performed its obligations under the purchase orders.

70. Defendants breached the terms of the purchase orders by failing to pay for the Property.

71. Defendant should be directed to perform pursuant to the terms of the purchase orders and pay the agreed upon price for the Property.

## NINTH CAUSE OF ACTION
### (Breach of Duty of Good Faith and Fair Dealing)

72. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 71 above as if fully restated herein.

73. The Purchase Orders are valid and binding contracts between Plaintiff and the Defendants.

74. Plaintiff fully complied with its duties, responsibilities and obligations under the Orders.

75. Pursuant to the terms of the Orders, Defendants have a legally binding obligation to pay the agreed upon price for the Property received from the Plaintiff within sixty (60) days upon receipt. Plaintiff relied upon such covenant and duty.

76. Defendants acted in bad faith and breached its duty of fair dealing by refusing to pay, improperly applying credits, retroactively issuing charge backs, double crediting, refusing to pay even after taking credits, paying third party contractors. Despite Plaintiff's demands, the Defendants have refused to tender payment for the Property received.

77. Defendants' failure to pay for the Property constitutes a breach of duty of good faith and fair dealing.

78. As a result of the wrongful conduct of the Defendants, Plaintiff has been damaged in an amount to be determined at trial but in an amount not less than $552,616.16.

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

(a)  Judgment in favor of the Plaintiff on the First Cause of Action in the amount not less than $552,616.16, including reasonable attorney's fees, interest and disbursements;

(b)  Judgment in favor of the Plaintiff on the Second Cause of Action in the amount not less than $1,350.00.00, including reasonable attorney's fees, interest and disbursements;

(c)  Judgment in favor of the Plaintiff on the Third Cause of Action in the amount not less than $500,000.00, including reasonable attorney's fees, interest and disbursements;

(d)  Judgment in favor of the Plaintiff on the Fourth Cause of Action in the amount not less than $400,000.00, including reasonable attorney's fees, interest and disbursements;

(e)  Judgment in favor of the Plaintiff on the Fifth Cause of Action in the amount not less than $500,000.00, including reasonable attorney's fees, interest and disbursements;

(f)  Judgment in favor of the Plaintiff on the Sixth Cause of Action in the amount not less than $552,616.16, including reasonable attorney's fees, interest and disbursements;

(g)  Judgment in favor of the Plaintiff on the Seventh Cause of Action in the amount not less than $552,616.16, including reasonable attorney's fees, interest and disbursements;

Case 1:07-cv-03245-WHP    Document 1    Filed 04/23/2007    Page 18 of 20

(h) Judgment in favor of the Plaintiff on the Eighth Cause of Action in the amount not less than $552,616.16, including reasonable attorney's fees, interest and disbursements;

(i) Judgment in favor of the Plaintiff on the Ninth Cause of Action in the amount not less than $552,616.16, including reasonable attorney's fees, interest and disbursements;

(j) An award to the Plaintiff for all costs, reasonable legal fees and disbursements related to this action, including reasonable attorney's fees, interest and disbursements;

(k) Any and further or different relief that this Court deems just and proper.

Dated: New York, New York
       March 27, 2007

                        TONY C. CHANG, ESQ.
                        Attorney for the Plaintiff

                        By: _____
                        Tony C. Chang, Esq.
                        299 Broadway, Suite 1700
                        New York, New York 10007
                        Tel.: (212) 868-9190
                        Fax.: (212) 868-9335

13

SUPREME COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK, COUNTY OF NEW YORK    Index No.    Year

---

PEGASUS INTEGRATED CONSULTING, CORP.,

Plaintiff,

-against-

RUE21, INC.

Defendant.

---

**COMPLAINT**

---

TONY C. CHANG, ESQ.

*Attorney(s) for* Plaintiff

*Office and Post Office Address, Telephone*
299 Broadway, Suite 1700
New York, New York 10007
(212) 868-9190

---

To

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

---

PLEASE TAKE NOTICE:

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                    of which the within is a true copy
will be presented for settlement to the HON.      one of the judges of the
within named Court, at
on                          at           M.
Dated,

Yours, etc.

## CERTIFICATE OF SERVICE

I hereby certify that I have a caused a copy of the foregoing Notice of Removal to be served by first class United States mail, postage prepaid, this 23rd day of April, 2007, upon the following:

Tony C. Chang, Esq.
299 Broadway, Suite 1700
New York, New York 10007

_____
Zoë F. Feinberg