Andrew L. Morrison (AM 1071)
Zoe F. Feinberg (ZF 7705)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400

Michael E. Lowenstein (ML 5876)
Kathleen M. K. Matthews (KM 9138)
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 288-3131

*Attorneys for Rue 21, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PEGASUS INTEGRATED CONSULTING, CORP.,   :
                      Plaintiff,   :   Case No. 07 CV 3245 (WHP)

      -against-   :   [N.Y. Sup. Ct. N.Y. County
                                                    Index No. 07/601111]
RUE 21, INC.   :

                      Defendant.   :
-----------------------------------------------------------x

## AFFIDAVIT OF KEITH McDONOUGH

STATE OF PENNSYLVANIA    )
                                     ) SS:
COUNTY OF ALLEGHENY     )

Keith McDonough, being duly sworn, hereby deposes and says:

1.    I am Senior Vice President and Chief Financial Officer of defendant rue21, Inc ("rue21"). I have held that position since May 2003. I make this affidavit on behalf of rue21 and in support of Defendant rue21's Motion to Dismiss or Transfer (the "Motion"), filed herewith. The Motion seeks to dismiss or, alternatively, transfer this action, which was filed in

the Supreme Court of the State of New York, New York County, and removed to this Court by rue21 pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

2.     I have personal knowledge of many of the facts set forth in this affidavit. For certain other facts, I have relied upon records prepared during the ordinary course of business by my colleagues. I am prepared to testify on any of the matters set forth below if called as a witness in this matter.

3.     rue21 is a Pennsylvania corporation and its principal place of business is located in Warrendale, Pennsylvania, near Pittsburgh, in the Western District of Pennsylvania. rue21 is a clothing retailer that purchases goods from various vendors for resale to consumers.

4.     rue21 purchases goods from various vendors for resale to consumers, virtually always pursuant to a standard form of purchase order (the "Purchase Order"), a blank example of which is attached hereto as Exhibit A. rue21 currently owns and operates over 290 retail clothing stores and has transacted with hundreds of different vendors pursuant to this standard form of Purchase Order.

5.     The face of the purchase order, conspicuously, in all capital letters and in bold print, also specifies that the Terms and Conditions on the face and reverse side of the Purchase Order ("Terms and Conditions") and the Vendor Compliance Manual are part of the Purchase Order:

**ATTENTION VENDOR ("SELLER")**

**CAREFULLY READ THE FACE AND REVERSE SIDES OF THIS PURCHASE ORDER AND THE rue21 VENDOR COMPLIANCE MANUAL AS AMENDED. THE TERMS AND CONDITIONS ON THE FACE AND REVERSE SIDES HEREOF AND THE VENDOR GUIDELINES EXPLAINED IN THE rue21 VENDOR**

**COMPLIANCE MANUAL ARE PART OF THIS PURCHASE ORDER. ACCEPTANCE OF THIS OFFER TO PURCHASE IS EXPRESSLY LIMITED TO ITS TERMS. SHIPMENT OF THE MERCHANDISE OR PERFORMANCE OF THE SERVICES ORDERED WILL CONSTITUTE ACCEPTANCE OF THIS OFFER. DO NOT SHIP THE MERCHANDISE OR PERFORM THE SERVICES ORDERED UNLESS THIS OFFER IS ACCEPTABLE.**

6.   The Vendor Compliance Manual referenced by and incorporated into the Purchase Order is attached hereto as Exhibit B. The Vendor Compliance Manual contains the Vendor Compliance Guidelines, including another copy of the Purchase Order (again containing the Terms and Conditions) and the Vendor Compliance Agreement. (see Vendor Compliance Manual, Exhibit B hereto, at pp. A-1, D-1, D-2).

7.   Paragraph 16 of the Purchase Order Terms and Conditions states:

> 16.   <u>APPLICABLE LAW, JURISDICTION, VENUE, SERVICE OF PROCESS AND TIME FOR SUIT</u>: This Agreement, and any claim by Seller or Buyer for breach of contract, for any alleged tortious conduct or any claim whatsoever brought in law or in equity arising under or related to this Agreement shall be governed by and construed under the laws of the Commonwealth of Pennsylvania, United States of America, notwithstanding delivery or resale of the merchandise supplied or services performed other than in Pennsylvania. This Agreement and any claims by Seller or Buyer whatsoever shall not be governed by the United Nation's Convention on Contracts for the International Sale of Goods.
>
> Any suit, action or proceeding ("Suit"), if brought by Seller, must be brought in the United States District Court for the Western District of Pennsylvania or any proper Pennsylvania State Court located in Allegheny County, Pennsylvania. Seller hereby irrevocably agrees that any Suit brought by Buyer arising out of or relating to this Agreement or the merchandise supplied or service performed may be instituted by Buyer in the United States District Court for the Western District of Pennsylvania or any proper Pennsylvania State Court located in Allegheny County, Pennsylvania. Seller hereby irrevocably waives, to the fullest extent permitted by law, any objection which Seller may have now or hereafter to the laying of the venue or any objection based on forum non conveniens, or based on the grounds of jurisdiction with respect to any such Suit and irrevocably submits generally and unconditionally to the jurisdiction of any such Court in any such Suit. Seller agrees that a judgment in any such Suit may be enforced in any other jurisdiction, including without limitation Seller's Country, by suit upon such judgment, a certified copy of which shall be conclusive evidence of the judgment.

> To the fullest extent permitted by applicable law, including, without limitation, treaties by which the United States and the Seller's Country are bound. Seller irrevocably agrees to the services of process of any of the aforementioned courts in any Suit, by the mailing of copies thereof by certified mail, postage prepaid, return receipt requested, to the Seller, such service to be effective upon the date indicated on the postal receipt returned from Seller. Nothing herein shall affect the right of Buyer to serve process in any other manner permitted by law or to commence legal proceedings or otherwise proceed against Seller in the Seller's Country or in any other jurisdiction.
>
> ANY SUIT BY SELLER FOR BREACH OF ANY RESULTING CONTRACT, FOR ANY ALLEGED TORTIOUS CONDUCT OR ANY CLAIM WHATSOEVER BROUGHT IN LAW OR EQUITY MUST BE FILED WITHIN ONE YEAR FROM THE DATE THE CAUSE OF ACTION ACCRUES OR BE FOREVER BARRED.

8. Paragraph 15 of the Purchase Order Terms and Conditions states:

> 15. <u>ASSIGNMENT; WAIVER</u>: Seller shall not assign or delegate all or any portion of its rights, interest, liabilities or obligations under this Agreement, whether done orally, in writing or by operation of law, to any person, firm, corporation or governmental agency, without Buyer's prior written consent. Except as provided in this paragraph, this Agreement shall be binding upon and inure to the benefit of the successors and assigns of the parties. Buyer's waiver of any breach of any term, condition or provision of this Agreement shall not be deemed a waiver of any subsequent breach of the same or any other term, condition or provision of this Agreement.

9. The Complaint does not specify the transactions upon which Plaintiff has filed the above-captioned suit. However, rue21 believes and therefore avers that the transactions upon which Plaintiff has filed this suit fall into three categories and involve two different Vendors.

10. Each of these transactions is governed by a Purchase Order that includes rue21's standard form of Purchase Order, referencing and incorporating the Terms and Conditions and the Vendor Compliance Manual.

11. By the terms of the applicable Purchase Orders, the Plaintiff in this action, Pegasus Integrated Consulting Corp. ("Pegasus") was not the Vendor in any of the transactions

upon which Plaintiff has filed suit. Instead, as stated in the applicable Purchase Orders, the Vendor for the first group of transactions was Hung Tat, the full name of which rue21 believes and therefore avers is Hung Tat Industrial Development Co. ("Hung Tat") and the Vendor for the second and third group of transactions was Khaotik Love, the full name of which rue21 believes and therefore avers is Khaotik, Inc. ("Khaotik").

12. rue21 believes and therefore avers that the first group of transactions upon which Plaintiff has filed suit involves the following Hung Tat Purchase Orders: 1027, 2158, 2160, 2162 and 2384. Copies of the front pages of these Purchase Orders, showing Hung Tat as the Vendor in the top left corner in the section marked "To Vendor," are attached hereto as Exhibit C. On its face, each of these Purchase Orders conspicuously references and incorporates the Terms and Conditions and the Vendor Compliance Manual.

13. rue21 believes and therefore avers that the second group of transactions upon which Plaintiff has filed suit involves the following Khaotik Purchase Orders: 2190 and 2636. Copies of the front pages of these Purchase Orders, showing Khaotik as the Vendor in the top left corner in the section marked "To Vendor," are attached hereto as Exhibit D. On its face, each of these Purchase Orders also conspicuously references and incorporates the Terms and Conditions and the Vendor Compliance Manual.

14. rue21 believes and therefore avers that the third group of transactions upon which Plaintiff has filed suit involves certain cancelled Purchase Orders. The Complaint does not identify the cancelled Purchase Orders, upon which suit has been brought. However, rue21 believes and therefore avers that Khaotik was the Vendor on each of these Purchase Orders and that each of these Purchase Orders, on its face, also conspicuously references and incorporates

the Terms and Conditions and the Vendor Compliance Manual. Prior to the above-captioned suit being filed, rue21 received a demand letter from counsel for Plaintiff, but this letter made no demand as to any cancelled orders.

15.     rue21 believes and therefore avers that Frank Chih was a representative and possibly an owner and/or employee of Hung Tat and a shareholder and representative of Khaotik, and that Mr. Chih was fully familiar with the Purchase Order, including the Terms and Conditions and the Vendor Compliance Manual, and, in fact, Mr. Chih executed a Vendor Compliance Agreement on behalf of another Vendor with which rue21 has done business, Venture Polygon. A copy of the signature page of the Vendor Compliance Agreement executed by Mr. Chih is attached hereto as Exhibit E. In rue21's dealing with Mr. Chih over the years, in many instances, Purchase Orders were written in person with Mr. Chih at rue21's Warrendale, Pennsylvania headquarters and both sides of the completed Purchase Orders provided by rue21 to Mr. Chih at that time.

16.     rue21 regularly communicated with Mr. Chih concerning the Vendor Compliance Manual. For example, the Vendor Compliance Manual contained provisions that set Non-Compliance chargeback amounts for late delivery, quality problems, shipments of incorrect amounts and the like. Such issues arose numerous times as a result of non-performance by entities with which Mr. Chih was associated, including Hung Tat and Khaotik, and rue21 dealt with Mr. Chih on numerous occasions concerning the Non-Compliance chargeback provisions of the Vendor Compliance Manual. Mr. Chih received numerous Non-Compliance Chargeback Forms from the Vendor Compliance Manual on behalf of entities he represented.

17. In addition, on many occasions, rue21 accommodated Mr. Chih's requests on behalf of the entities he represented to reduce the Non-Compliance chargebacks required by the Vendor Compliance Manual pursuant to agreed allowances. rue21 also at times advanced payments to these entities that were not then due.

18. In addition, the Vendor Compliance Manual contains numerous requirements for Vendors who deal with rue21 regarding goods sold by a Vendor to rue21, and rue21 regularly dealt on these issues with Mr. Chih with respect to the entities he was representing, including Hung Tat and Khaotik.

19. rue21's records and the persons at rue21 principally involved in the transactions at issue are primarily located at its headquarters in the Western District of Pennsylvania.

20. The legal points and authorities in support of the Motion are set forth in the accompanying memorandum of law filed herewith.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Keith McDonough

SWORN TO BEFORE ME
THIS 25th DAY OF
____MAY_____, 2007.

_____
Notary Public

My Commission Expires: 6-17-08

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Cindie A. Mulkerin, Notary Public
Robinson Twp., Allegheny County
My Commission Expires June 17, 2008
Member, Pennsylvania Association of Notaries