# EXHIBIT 1

Blank rue21 purchase order form (DEPT. # 4233).

1. **OFFER AND ACCEPTANCE:** This Purchase Order is an offer by Buyer ("Buyer") to Seller. It is not an acceptance of any prior offer of Seller and any such offer is expressly rejected. Acceptance of this offer is expressly limited to its terms. Seller shall notify Buyer immediately if these terms and conditions are unacceptable, because shipment of the merchandise or performance of the services ordered hereby shall conclusively establish Seller's acceptance of this offer. Under no circumstances shall any terms or conditions inconsistent with the terms and conditions of this offer become part of the contract that results from acceptance of this offer ("resulting contract" or "Agreement"). Upon acceptance by Seller, this Purchase Order, together with the Vendor Compliance Agreement and associated Vendor Compliance Guidelines, shall be the final, written expression of agreement between Seller and Buyer, constituting the entire agreement between them and superseding all previous communications, either verbal or written. Such Agreement may be modified only by a writing signed by an authorized officer of Buyer.

2. **WARRANTY:** Seller expressly warrants that any and all merchandise supplied and any and all services performed by Seller, as applicable, will conform to Buyer's final specifications and final approved samples, which shall be evidenced in writing by Buyer, and shall in all respects be of good workmanship, free from defects in material, design and construction, merchantable and fit for the purpose intended by the Buyer. Seller warrants that it has and shall convey to Buyer good title to the merchandise, free of all liens, encumbrances and claims of third parties and that the merchandise and any sale of distribution thereof to the Buyer shall not infringe or violate any patent, invention, design, trademark, copyright, or other intellectual property right whatsoever without regard to whether or not Buyer provides any or all specifications to Seller. SELLER FURTHER REPRESENTS AND WARRANTS THAT ALL MERCHANDISE SHALL BE FIRST QUALITY (UNLESS OTHERWISE SPECIFIED HEREIN) AND THAT THE MERCHANDISE IS NOT MISBRANDED OR FALSELY OR DECEPTIVELY INVOICED. SELLER FURTHER REPRESENTS AND WARRANTS THAT SELLER SHALL COMPLY IN ALL RESPECTS WITH ALL LAWS AND REGULATIONS OF THE UNITED STATES, INCLUDING, WITHOUT LIMITATION, ALL LAWS AND REGULATIONS PERTAINING TO CUSTOMS, IMPORTS, COMMISSIONS, DUTIES AND PRODUCT LABELING, WITH RESPECT TO THIS AGREEMENT AND ANY SHIPMENT OF MERCHANDISE BY SELLER.

3. **NON-EXCLUSIVE REMEDIES:** In addition to the rights and remedies available to Buyer at law and in equity, if Seller breaches its warranty or otherwise breaches the resulting contract, Buyer shall have the right to cancel the resulting contract and to return the merchandise to the Seller at the Seller's cost and expense. Without limitation of its rights and remedies, Buyer reserves the right to donate any rejected goods to charity if Seller does not remove such goods within ten (10) days after Buyer sends notice of rejection.

4. **INDEMNITY:** SELLER AGREES TO DEFEND, PROTECT, INDEMNIFY AND HOLD BUYER, ITS SUCCESSORS, ASSIGNS, OFFICERS, AGENTS, EMPLOYEES, CUSTOMERS, AND ALL SUBSEQUENT USERS OF THE MERCHANDISE SUPPLIED OR SERVICES PERFORMED, HARMLESS OF, FROM AND AGAINST ALL CLAIMS, LOSSES, EXPENSES, DAMAGES AND LIABILITIES, DIRECT, INCIDENTAL OR CONSEQUENTIAL, ARISING FROM DAMAGE TO OR LOSS OF PROPERTY AND INJURY TO OR DEATH OF PERSONS, INCLUDING LOSS OF PROFITS AND REASONABLE COUNSEL FEES, WHICH MAY ARISE OUT OF, RESULT FROM OR BE INCIDENTAL TO THE USE OR ALLEGED USE OF SUCH MERCHANDISE OR SERVICES, WHETHER THE SAME RESULTS IN WHOLE OR IN PART FROM BUYER'S NEGLIGENCE OR OTHER FAULT, BY ACT OR OMISSION, OR THAT OF BUYER'S EMPLOYEES, OR OTHERWISE, IT BEING THE INTENT OF THIS PROVISION TO ABSOLVE AND PROTECT BUYER, ITS SUCCESSORS, ASSIGNS, OFFICERS, AGENTS, EMPLOYEES, CUSTOMERS AND ALL SUBSEQUENT USERS OF THE MERCHANDISE SUPPLIED OR SERVICES PERFORMED, FROM ANY AND ALL LOSS.

5. **PATENTS, TRADEMARKS AND COPYRIGHTS:** SELLER AGREES TO DEFEND, PROTECT, INDEMNIFY AND TO HOLD BUYER, ITS SUCCESSORS, ASSIGNS, OFFICERS, AGENTS, EMPLOYEES, AND VENDEES (MEDIATE AND IMMEDIATE) HARMLESS OF, FROM AND AGAINST ANY AND ALL CLAIMS, LOSSES, EXPENSES, DAMAGES AND LIABILITIES WHATSOEVER, DIRECT, INCIDENTAL OR CONSEQUENTIAL, ARISING AT LAW OR IN EQUITY, FOR ACTUAL OR ALLEGED INFRINGEMENT OF ANY PATENT, INVENTION, DESIGN, TRADEMARK, COPYRIGHT, OR OTHER INTELLECTUAL PROPERTY RIGHT WHATSOEVER, ARISING FROM THE PURCHASE, USE OR SALE OF SELLER'S MERCHANDISE OR SERVICES, WITHOUT REGARD TO WHETHER OR NOT BUYER PROVIDES ANY OR ALL SPECIFICATIONS TO SELLER ("INTELLECTUAL PROPERTY CLAIMS"). SELLER AGREES THAT COUNSEL OF BUYER'S CHOICE WILL BE RETAINED, AT SELLER'S EXPENSE, TO DEFEND BUYER WITH RESPECT TO ANY AND ALL INTELLECTUAL PROPERTY CLAIMS.

6. **QUANTITIES:** The quantity of merchandise delivered under this order must not be greater than the amount specified, unless an additional amount is ordered in writing. rue21 will accept +/- 2% of the quantity ordered.

7. **PRICE AND PAYMENT TERMS:** Payment hereunder is contingent upon acceptance of the merchandise or services by Buyer and receipt of any documents needed to assure compliance with this Agreement and enable Buyer to obtain possession of and title to the merchandise. Notwithstanding any other provision of this agreement, Buyer shall have the right to inspect the merchandise at its warehouse or other domestic facility prior to acceptance. Payment shall be due as set forth in the "Terms" section of the face side of this Purchase Order, except that credit terms will begin to run from the date of receipt of merchandise at the place of delivery or receipt of a proper invoice, whichever is later, and credit terms for any merchandise shipped on or after the 20th day of the month will begin to run not earlier than the first day of the following month. No charge will be allowed by Buyer for packing, boxing, crating, carting or transportation unless otherwise agreed in writing. The Seller agrees to pay any taxes imposed by law (international, national, state, federal, local or otherwise) upon or on account of the merchandise ordered herein, unless otherwise agreed in writing. Any indebtedness of Seller to Buyer may, at Buyer's option, be credited against amounts owing by Buyer hereunder.

8. **RISK OF LOSS; TRANSPORTATION CHARGES; PLACE OF DELIVERY:** Risk of loss shall not pass from Seller to Buyer until receipt of all merchandise for the order by Buyer at the place of delivery, which shall be Buyer's warehouse, unless otherwise specified on the face of this Agreement.

9. **TIME IS OF THE ESSENCE:** Time of delivery of the merchandise and of performance of services is of the essence of the resulting contract. Buyer shall be entitled to reject any merchandise delivered to the place of delivery before the "Start Date" or after the "Cancel Date" shown on the face side of this Agreement.

10. **CONFIDENTIAL RELATIONSHIP:** Seller agrees to treat as strictly confidential all specifications, formulas, blueprints, drawings, samples, models and other information supplied by or obtained from Buyer unless the prior written consent of Buyer is obtained. Seller shall not in any manner advertise, publish or release for publication any statement mentioning Buyer or the fact that Seller has furnished or agreed to furnish merchandise or services to Buyer, or quote an opinion of any employee of Buyer. No matter concerning this order will be discussed with any person not entitled to knowledge of that matter. Seller shall not manufacture or sell to, or for another, any items made to the specifications, formulations, drawings or samples furnished to it by the Buyer.

11. **BUYER'S PROPERTY:** All specifications, formulas, drawings, tools, samples, fixtures, materials and other items supplied by Buyer or which are to be supplied by the Seller as an item on this order, shall be and remain the property of Buyer, to be used solely for the purpose of Buyer's orders and shall be delivered to Buyer upon its demand. They shall be held at Seller's risk and maintained in good condition at Seller's expense and shall be replaced by Seller, if lost, damaged or destroyed.

12. **EMPLOYMENT STANDARDS:** Seller represents and warrants that Seller and Seller's subcontractors, if any, shall comply with all applicable international, national, federal, state, and local laws, rules and regulations governing labor or employee relations including, but not limited to, Sections 6, 7, 12 and 14 of the Fair Labor Standards Act, as amended, all labor standards set forth in any treaty or international convention, and any and all applicable child labor laws.

13. **EQUAL EMPLOYMENT; AFFIRMATIVE ACTION; NONDISCRIMINATION; COMPLIANCE WITH REQUIRED CONTRACT PROVISIONS:** The Seller agrees to be subject to all applicable contract clauses required by international, national, federal, state or local law, rule, regulation, treaty or international convention to be included in this contract, including but not limited to the following clauses, which are incorporated by reference herein: Equal Opportunity Clause (41 CFR 60-1.4); Affirmative Action Clause for Disabled Veterans and Veterans of the Vietnam Era (41 CFR 60-250.4); Affirmative Action Clause for Handicapped Workers (41 CFR 60-741.4); the Certification of Nonsegregated Facilities Clause (41 CFR 60-1.8; 41 CFR 1-12.803.10); and the Nondiscrimination Clause (16 Pa. Code 49.101). In addition, the Seller agrees and certifies, if applicable, that it has developed a written affirmative action compliance program (41 CFR 60-1.40 (a) and annually files Standard Form 100 (EEO-1) (41 CFR 60.7 (a)).

14. **OSHA:** The Seller agrees that all of the goods and/or services ordered shall be in compliance with all applicable provisions of the Occupational Safety and Health Act of 1970 as detailed or referred to in Part 1910, Occupational Safety and Health Standards, published by the Occupational Safety and Health Administration, U.S. Department of Labor.

15. **ASSIGNMENT; WAIVER:** Seller shall not assign or delegate all or any portion of its rights, interests, liabilities or obligations under this Agreement, whether done orally, in writing or by operation of law, to any person, firm, corporation or governmental agency, without Buyer's prior written consent. Except as provided in this paragraph, this Agreement shall be binding upon and inure to the benefit of the successors and assigns of the parties. Buyer's waiver of any breach of any term, condition or provision of this Agreement shall not be deemed a waiver of any subsequent breach of the same or any other term, condition or provision of this Agreement.

16. **APPLICABLE LAW, JURISDICTION, VENUE, SERVICE OF PROCESS AND TIME FOR SUIT:** This Agreement, and any claim by Seller or Buyer for breach of contract, for any alleged tortious conduct or any claim whatsoever brought in law or in equity arising under or related to this Agreement shall be governed by and construed under the laws of the Commonwealth of Pennsylvania, United States of America, notwithstanding delivery or resale of the merchandise supplied or services performed other than in Pennsylvania. This Agreement and any claims by Seller or Buyer whatsoever shall not be governed by the United Nation's Convention on Contracts for the International Sale of Goods.

Any suit, action or proceeding ("Suit"), if brought by Seller, must be brought in the United States District Court for the Western District of Pennsylvania or any proper Pennsylvania State Court located in Allegheny County, Pennsylvania. Seller hereby irrevocably agrees that any Suit brought by Buyer arising out of or relating to this Agreement or the merchandise supplied or service performed may be instituted by Buyer in the United States District Court for the Western District of Pennsylvania or any proper Pennsylvania State Court located in Allegheny County, Pennsylvania. Seller hereby irrevocably waives, to the fullest extent permitted by law, any objection which Seller may have now or hereafter to the laying of the venue or any objection based on forum non conveniens, or based on the grounds of jurisdiction with respect to any such Suit and irrevocably submits generally and unconditionally to the jurisdiction of any such Court in any such Suit. Seller agrees that a judgment in any such Suit may be enforced in any other jurisdiction, including without limitation Seller's Country, by suit upon such judgment, a certified copy of which shall be conclusive evidence of the judgment.

To the fullest extent permitted by applicable law, including, without limitation, treaties by which the United States and the Seller's Country are bound, Seller irrevocably agrees to the service of process of any of the aforementioned courts in any Suit, by the mailing of copies thereof by certified mail, postage prepaid, return receipt requested, to the Seller, such service to be effective upon the date indicated on the postal receipt returned from Seller. Nothing herein shall affect the right of Buyer to serve process in any other manner permitted by law or to commence legal proceedings or otherwise proceed against the Seller in the Seller's Country or in any other jurisdiction.

ANY SUIT BY SELLER FOR BREACH OF ANY RESULTING CONTRACT, FOR ANY ALLEGED TORTIOUS CONDUCT OR ANY CLAIM WHATSOEVER BROUGHT IN LAW OR EQUITY MUST BE FILED WITHIN ONE YEAR FROM THE DATE THE CAUSE OF ACTION ACCRUES OR BE FOREVER BARRED.

17. **JUDGMENT CURRENCY:** All payments under or in connection with this Agreement, or with respect to any Suit by Buyer or Seller, shall be made in United States Dollars, regardless of any law, rule, regulation or statute, whether now or hereafter in existence or in effect in any jurisdiction, which affects or purports to affect such obligations.