# EXHIBIT A

# TONY C. CHANG

### ATTORNEY AT LAW
### 299 BROADWAY
### SUITE 1700
### NEW YORK, NEW YORK 10007

———————

TEL (212) 868-9190
FAX (212) 868-9335

*tcclaw@earthlink.net*

NEW JERSEY OFFICE:

526 HARMON COVE TOWERS
SECAUCUS, NJ 07094
TEL (646) 229-9190

MEMBER OF NY & NJ BAR

❑ PLEASE REPLY TO NY OFFICE

## FACSIMILE TRANSMISSION COVER

| Date: | April 30, 2007 | Number of pages including cover sheet: | 3 |
|---|---|---|---|
| To: | Hon. William H. Pauley III | Fax Numbers: | 212 805-6390 |
| | Andrew L. Morrison, Esq. | | 212 521-5450 |
| | Michael E. Lowenstein, Esq. | | 412 288-3063 |
| From: | Tony C. Chang, Esq. | | |

| Re: | Pegasus Integrated Consulting Corp. v. rue21, Inc. |
|---|---|

**REMARKS:**  ❑ *Urgent*    ❑ *For your review*    ❑ *Reply ASAP*    ❑ *Please comment*

*CONFIDENTIAL COMMUNICATIONS: THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OR HOLDER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE FORWARD THIS TRANSMISSION TO THE INTENDED RECIPIENT ONLY. OTHERWISE, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*

# TONY C. CHANG

### ATTORNEY AT LAW
### 299 BROADWAY
### SUITE 1700
### NEW YORK, NEW YORK 10007

TEL (212) 868-9190
FAX (212) 868-9335

*tcclaw@earthlink.net*

MEMBER OF NY & NJ BAR

NEW JERSEY OFFICE:

526 HARMON COVE TOWERS
SECAUCUS, NJ 07094
TEL (646) 229-9190

❏ PLEASE REPLY TO NY OFFICE

April 30, 2007

<u>Via Facsimile</u>

Honorable William H. Pauley III
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers 2210
New York, New York 10007

Re: Pegasus Integrated Consulting Corp. v. rue21, Inc.
<u>Case No.: 07 Civ. 3245 (WHP)</u>

Dear Honorable Pauley III:

This office represents the plaintiff, Pegasus Integrated Consulting Corp. (hereinafter "Pegasus") in connection with the above-referenced matter. We respectfully submit this letter in accordance to Section 2(A)(ii) of your Individual Practices and in opposition to defendant, rue21, Inc.'s pre-motion request as outlined in their April 24, 2007 letter to your Honor.

### Historical Setting

Plaintiff filed a summons and complaint on April 3, 2007 in the Supreme Court of the State of New York, County of New York, Commercial Division, for breach of contract and other related claims by Pegasus against rue21, Inc. Service of process of effectuated on or about April 6, 2007. Defendant, rue21, Inc., filed for a Notice of Removal to the United States District Court, Southern District of New York on April 23, 2007. Subsequent thereto, Defendant's counsel on April 24, 2007 made the instant request for a pre-motion conference in accordance to Section 2(A)(ii) of the individual practices for your Honor.

Page Two
Honorable William H. Pauley III
April 30, 2007

## Opposition to the Motion

Plaintiff opposes defendant's request for permission to file said motion. Defendant's request for a pre-motion conference is ostensibly to move before the Court for an order dismissing Plaintiff's complaint due to improper venue Fed. R. Civ. P. 12(b)(3) or 12 (b)(6) or in the alternative transfer the case pursuant to 28 U.S.C. Section 1404(a). Wherein Defendant's counsel alleged that the forum should have been the United States District Court for the Western District of Pennsylvania or in Pennsylvania State Court in Allegheny County. Contrary to defendant's contentions, the plaintiff was not bound by the alleged forum selection clause. Upon information from defendant's counsel, the forum selection clause was contained on the reverse side of the purchase orders at issue. However, each purchase order under which Pegasus seeks recovery contained only one side (front side). Defendant failed to deliver, tender or issue purchase orders containing the reverse side, thus plaintiff could not have consented to the forum selection. Without such consent defendant's request is merit less.

Furthermore, defendant's claim that Pegasus is not the vendor with respect to the purchase orders is misplaced and untrue. Pegasus operated under trade names clearly known to the defendant. In fact, rue21, Inc.'s own checks and wire transfers were made directly to plaintiff and deposited in Pegasus's bank account for past transactions.

## Conclusion

Based on the foregoing, we respectfully request the Court to deny the request made by defendant and its counsel before your Honor.

Respectfully submitted,

Tony C. Chang

cc: Andrew L. Morison, Esq. (via facsimile)
    Michael E. Lowenstein, Esq. (via facsimile)