# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X   Index No.: _____
PEGASUS INTEGRATED CONSULTING, CORP.,

          Summons Filed On:

        Plaintiff,   _____

   -against

                                    SUMMONS

RUE21, INC.
                                    07601111

        Defendant.
------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to answer the complaint in this action and to serve a copy of your answer upon the undersigned within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete, if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is the Plaintiff's place of business.

Dated: March 27, 2007
       New York, New York

                                                        TONY C. CHANG, ESQ.
                                                        299 Broadway, Suite 1700
                                                        New York, New York 10007
                                                        (212) 868-9190

*FILED APR 03 2007 NEW YORK COUNTY CLERK'S OFFICE*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X   Index No.: 601111/07
PEGASUS INTEGRATED CONSULTING, CORP.,

                              Plaintiff,

   -against-                                **COMPLAINT**

RUE 21, INC.

                              Defendant.
---------------------------------------------------------------X

      Plaintiff, PEGASUS INTEGRATED CONSULTING, CORP., (hereinafter called "Pegasus" or the "Plaintiff"), by its attorneys, Tony C. Chang, Esq., as and for its Complaint against RUE 21, INC., (hereinafter called "Rue 21" or the "Defendant") alleges as follows:

## NATURE OF THE ACTION

    1.    This is an action to recover sums of money due and owing to the Plaintiff through the sale of goods manufactured and delivered by the Plaintiff to the Defendant with a value of $552,616.16. Plaintiff also seeks to recover damages for costs and expenses related to Defendant's actions.

    2.    This is also an action to recover sums of money due and owing to the Plaintiff from breach of contract and damages resulting thereof from cancelled orders in which Plaintiff had already committed and spent monies to procure materials and commence manufacturing of goods and merchandise for the Defendant.

    3.    This is also an action to recover sums of money due and owing to the Plaintiff from breach of contract and tortuous interference resulting from the cancellation of confirmed purchase orders given to Plaintiff by Defendant.

## THE PARTIES

4.  Pegasus is a New York corporation doing business in the garment manufacturing and wholesale distribution industry with its offices located at 520 Eighth Avenue, Suite 900, New York, New York 10018.

5.  Pegasus and its predecessors have been in the garment manufacturing business for many years producing various forms of clothing and accessories for the retail industry.

6.  Pegasus, through its affiliated companies, Kaotic Love and Hung Tat, has conducted business with Defendant in the wholesale manufacturing and distribution of garments and apparel.

7.  Upon information and belief, Rue21, Inc. is a Pennsylvania corporation founded in 1977 with its head office located at located at 800 Commonwealth Drive, Suite 100, Warrendale, PA 15086. Its core business involves the retail sales of clothing and apparel.

8.  Rue21, Inc. is a leading specialty discount retailer offering the latest fashions for girls and guys through their 280 retail stores in 41 states. Rue21 owns or operates at least thirteen stores in the State of New York.

## FACTUAL BACKGROUND

9.  Pegasus is in the garment manufacturing and whole sale distribution business for a variety of garment merchandise. Plaintiff, its predecessors and affiliates have conducted business with Rue21 and its predecessors for several years. Through the course of their business relationship they have engaged in manners of business conduct consistently adhered to over the course of their working relationship. Customarily, the Plaintiff would received purchase orders from Defendant to manufacturer and ship various items of female and male

2

apparel for its retail sales business. Plaintiff through one of its affiliated manufacturing entity would create, design, manufactured, finished and ship the garment wear for Defendant.

10. On or about May 2006 through November 2006, Defendant solicited and placed with Pegasus numerous purchase orders for various styles and makes of merchandise for their retail operations. In return the Defendant consented to pay the agreed upon price of the items to be manufactured and sold by Plaintiff. The parties agreed upon net 60 days terms for payment and on occasion net 75 days.

11. Defendants continued to place orders to Plaintiff for various garment items (referred to hereinafter as the "Property"). The total outstanding amount due and owing to the Plaintiff equals $552,616.16 for the Property made and delivered to the Defendants.

12. The payment terms agreed upon by the parties were net 60 days. However, the Defendant failed to submit any payments. Defendant accepted delivery without protest and has distributed the merchandise to their retail stores for sale. The Property has not been returned to the Plaintiff.

13. Defendant has refused to submit payment in full. Instead Defendant has engaged in bad faith and deceptive practice through utilizing non-compliance charge forms and improper credits to deduct and offset wrongful amounts of which Defendant is not entitled.

14. Through Defendant's own documentary evidence it is clear that the parties herein had mutual agreements to resolve any disputed issues regarding specified purchase orders and invoices. However, Defendant circumvented these agreement by breaching the terms of the mutually agreed upon agreement.

15. Additionally, Defendant continued to justify its charge backs credits for late shipments even after credits were already provided by the Plaintiff. Defendant continued in its

3

bad faith and tortuous manner by systematically generating non-compliance charge forms retroactively to in effect create credits against invoice balances due and owing to the Plaintiff.

16. Defendant further engaged in bad faith conduct by utilizing credits in an untimely and improper manner. Notwithstanding the fact that the parties had mutually agreed that certain credits would only be provided if such credits would be applied to subsequent and much later purchase orders. Nevertheless, Defendant in breach of the agreement accelerated the application of credits and applied same against current and past invoices. Defendant's wrongful actions have caused significant damages to the Plaintiff.

17. On or about November 2006, Defendant cancelled all pending purchased orders then held by the Plaintiff, including those which were in middle of production. The total amount of purchase orders cancelled totaled over $2,000,000.00. Defendant's bad faith actions cause Plaintiff to suffer significant money damages along with negative good will with its manufacturing entities.

18. Notwithstanding Defendant's unilateral cancellation of all pending purchase orders, Defendant continue to engage in dilatory and deceiving activities. Defendant stopped all payments of then outstanding invoices to the Plaintiff. Defendant further accelerated all pending credits due on future purchase orders, created and retroactively formulated non-compliance charge credits, breached agreements for payments to the Plaintiff, and systematically deducted almost the complete accounts payable to the Plaintiff.

19. Defendants actions caused the Plaintiff to suffer loss revenue, loss business opportunity and business income. Plaintiff further lost monies expended for the production of merchandise already ordered by the Defendant and in middle of manufacturing.

20. Defendant has breached the terms of numerous agreements made with the Plaintiff and defrauded the Plaintiff out of monies due and owing to the Plaintiff.

### FIRST CAUSE OF ACTION
(Breach of Contract)

21. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 20 above as if fully restated herein.

22. The Purchase Orders are valid and binding contracts between Plaintiff and the Defendant.

23. Plaintiff fully complied with its duties, responsibilities and obligations under the Purchase Orders.

24. Pursuant to the terms of the Orders, Defendant has a legally binding obligation to pay the agreed upon price for the Property received from the Plaintiff within sixty (60) days upon receipt. Defendant has received the Property but has failed to comply with these terms and monies are still due and owing to the Plaintiff.

25. Despite Plaintiff's demands, the Defendant has refused to tender payment for the Property received.

26. The failure to pay for the Property constitutes a breach of contract.

27. As a result of the wrongful conduct of the Defendants, Plaintiff has been damaged in an amount to be determined at trial but in an amount not less than $552,616.16.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

28. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 27 above as if fully restated herein.

29. The Purchase Orders are valid and binding contracts between Plaintiff and the Defendant.

30. Defendant wrongfully canceled pending purchase orders in the middle of production with the Plaintiff. Plaintiff had already allocated and expended monies toward the manufacturing and production of the merchandise contained in the canceled purchase orders.

31. Plaintiff relied upon Defendants agreement to fulfill its obligations under the terms of the purchase orders all to its detriment.

32. Defendant's wrongful cancellation of the purchase orders caused Plaintiff to suffer monetary damages in an amount no less than $1,350,000.00.

33. Despite Plaintiff's demands, the Defendant has refused to tender payment for the damages suffered by the Plaintiff.

34. The failure to pay for the damages constitutes a breach of contract

35. As a result of the wrongful conduct of the Defendants, Plaintiff has been damaged in an amount to be determined at trial but in an amount not less than $1,350,000.00.

## THIRD CAUSE OF ACTION
### (Breach of Duty of Good Faith)

36. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 35 above as if fully restated herein.