37.     Defendant knew or should have known that Plaintiff was already in the process of manufacturing the merchandise contained in the pending purchase orders.

38.     Such cancellations were a breach of Defendant's duty of good faith in performance is explicit in the purchase orders.

39.     This unwarranted breach of agreement by Defendant denied Plaintiff the ability to continue its sale of goods and resulted in lost profit income reasonably believed to amount to $500,000.

40.     As a result of Defendant's breach of duty to good faith the Plaintiff has been damaged in an amount to be determined at trial but in an amount not less than $500,000.00.

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

41.     Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 40 above as if fully restated herein.

42.     Plaintiff reasonably relied upon to its detriment the pending purchase orders already submitted to the Plaintiff by the Defendant.

43.     Defendant unilateral cancellation of $2,000,000.00 in purchase orders constitutes a breach of contract between the parties.

44.     The cancellation caused Plaintiff to suffer loss profit and business income reasonably determined to be $400,000.00.

45.     As a result of Defendant's breach of contract the Plaintiff has been damaged in an amount to be determined at trial but in an amount not less than $400,000.00.

## FIFTH CAUSE OF ACTION
### (Tortious Interference with Contract)

46.     Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 45 above as if fully restated herein.

47.     Defendant engaged in a systematic behavior of tortiously interfered with Plaintiff's business by wrongfully applying non-compliance charge back in a retroactive manner. Charge back forms were completed months after acceptance of merchandise by the Defendant.

48.     Defendant further applied credits unrelated to invoices due and owing to the Plaintiff by applying credits not due until a later date to past invoices.

49.     Plaintiff was further damaged by Defendant's action involving double credits against invoices. Whereas Defendant would negotiate a credit back against invoices and subsequently at a much later date formulate a non-compliance charge back form adding further credits against invoices.

50.     Defendant would issue unilateral credits against merchandise received unauthorized by the Plaintiff.

51.     Defendant actions constitute tortuous interference with contract terms against the Plaintiff.

52.     By reason of the foregoing, Plaintiff has suffered damages in a reasonably determined to be $500,000.00.

53.     As a result of Defendant's tortuous interference the Plaintiff has been damaged in an amount to be determined at trial but in an amount not less than $500,000.00.

8

### SIXTH CAUSE OF ACTION
### (Quantum Meruit)

54. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 53 above as if fully restated herein.

55. The Orders constituted legally binding obligations on the Defendant to pay for the Property sold to the Defendant.

56. Defendant accepted delivery of the Property sold by the Plaintiff and distributed same to its retail operations.

57. Plaintiff complied with its duties, responsibilities and obligations under the Orders and is entitled to payment of the Property sold to the Defendants.

58. Plaintiff is entitled to payment and recover of the stated value of the Property, which is an amount no less than $552,616.16.

59. Despite Plaintiff's demands, the Defendants wrongfully, intentionally and in disregard of Defendant's obligations to Plaintiff, have failed to pay or reimburse Plaintiff for the stated value of the Property.

60. As a result, Plaintiff has been damaged in an amount to be determined at trial, but in an amount not less than $552,616.16.

### SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

61. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 60 above as if fully restated herein.

9

62. Plaintiff sold the Property to Defendants and Defendants accepted the Property. The Property is valued at $552,616.16.

63. The Property has been accepted and distributed by the Defendant to its retail operation for sale to the general public.

64. Defendants have refused to pay Plaintiff for the Property.

65. Defendants have been unjustly enriched in the amount of $552,616.16.

66. As a result, Plaintiff has been damaged in an amount to be determined at trial, but in an amount not less than $552,616.16.

### EIGHTH CAUSE OF ACTION
(Specific Performance)

67. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 66 above as if fully restated herein.

68. Plaintiff contracted with Defendant for the production of the Property through the purchase orders.

69. Plaintiff performed its obligations under the purchase orders.

70. Defendants breached the terms of the purchase orders by failing to pay for the Property.

71. Defendant should be directed to perform pursuant to the terms of the purchase orders and pay the agreed upon price for the Property.

## NINTH CAUSE OF ACTION
### (Breach of Duty of Good Faith and Fair Dealing)

72. Plaintiff re-alleges and incorporates, by reference, each and every allegation of paragraphs 1 through 71 above as if fully restated herein.

73. The Purchase Orders are valid and binding contracts between Plaintiff and the Defendants.

74. Plaintiff fully complied with its duties, responsibilities and obligations under the Orders.

75. Pursuant to the terms of the Orders, Defendants have a legally binding obligation to pay the agreed upon price for the Property received from the Plaintiff within sixty (60) days upon receipt. Plaintiff relied upon such covenant and duty.

76. Defendants acted in bad faith and breached its duty of fair dealing by refusing to pay, improperly applying credits, retroactively issuing charge backs, double crediting, refusing to pay even after taking credits, paying third party contractors. Despite Plaintiff's demands, the Defendants have refused to tender payment for the Property received.

77. Defendants' failure to pay for the Property constitutes a breach of duty of good faith and fair dealing.

78. As a result of the wrongful conduct of the Defendants, Plaintiff has been damaged in an amount to be determined at trial but in an amount not less than $552,616.16.

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

(a) Judgment in favor of the Plaintiff on the First Cause of Action in the amount not less than $552,616.16, including reasonable attorney's fees, interest and disbursements;

(b) Judgment in favor of the Plaintiff on the Second Cause of Action in the amount not less than $1,350.00.00, including reasonable attorney's fees, interest and disbursements;

(c) Judgment in favor of the Plaintiff on the Third Cause of Action in the amount not less than $500,000.00, including reasonable attorney's fees, interest and disbursements;

(d) Judgment in favor of the Plaintiff on the Fourth Cause of Action in the amount not less than $400,000.00, including reasonable attorney's fees, interest and disbursements;

(e) Judgment in favor of the Plaintiff on the Fifth Cause of Action in the amount not less than $500,000.00, including reasonable attorney's fees, interest and disbursements;

(f) Judgment in favor of the Plaintiff on the Sixth Cause of Action in the amount not less than $552,616.16, including reasonable attorney's fees, interest and disbursements;

(g) Judgment in favor of the Plaintiff on the Seventh Cause of Action in the amount not less than $552,616.16, including reasonable attorney's fees, interest and disbursements;

12

(h) Judgment in favor of the Plaintiff on the Eighth Cause of Action in the amount not less than $552,616.16, including reasonable attorney's fees, interest and disbursements;

(i) Judgment in favor of the Plaintiff on the Ninth Cause of Action in the amount not less than $552,616.16, including reasonable attorney's fees, interest and disbursements;

(j) An award to the Plaintiff for all costs, reasonable legal fees and disbursements related to this action, including reasonable attorney's fees, interest and disbursements;

(k) Any and further or different relief that this Court deems just and proper.

Dated: New York, New York
       March 27, 2007

TONY C. CHANG, ESQ.
Attorney for the Plaintiff

By: _____
Tony C. Chang, Esq.
299 Broadway, Suite 1700
New York, New York 10007
Tel.: (212) 868-9190
Fax.: (212) 868-9335

13

SUPREME COURT OF THE CITY OF NEW YORK
STATE OF NEW YORK, COUNTY OF NEW YORK        Index No.        Year

---

PEGASUS INTEGRATED CONSULTING, CORP.,

Plaintiff,

-against-

RUE21, INC.

Defendant.

---

**COMPLAINT**

---

TONY C. CHANG, ESQ.

*Attorney(s) for* Plaintiff

*Office and Post Office Address, Telephone*
299 Broadway, Suite 1700
New York, New York 10007
(212) 868-9190

---

To

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

---

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order                                                                 of which the within is a true copy
will be presented for settlement to the HON.                                  one of the judges of the
within named Court, at
on                          at              M.
Dated,

Yours, etc.