Tony C. Chang (TC 0390)
Law Offices of Tony C. Chang
299 Broadway, Suite 1700
New York, New York 10007
Telephone: (212) 868-9190

*Attorneys for Pegasus Integrated Consulting, Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PEGASUS INTEGRATED CONSULTING, CORP.  :   Case No. 07CV3245 (WAP)
                                      :
                  Plaintiff,          :
                                      :   [N.Y. Sup. Ct. NY County
       -against-                      :   Index No. 07/601111]
                                      :
rue21, INC.                           :
                                      :
                  Defendant.          :
                                      :
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT rue21, INC.'S MOTION TO DISMISS OR TRANSFER**

# TABLE OF CONTENTS

Table of Authorities ................................................................ ii

Preliminary Statement ............................................................... 1

Background Facts ................................................................... 2

Legal Arguments .................................................................... 5

    I.    THIS ACTION SHOULD NOT BE DISMISSED BECAUSE THE
        SOUTHERN DISTRICT OF NEW YORK IS THE PROPER VENUE .... 5

        A.    The Forum Selection Clause Does Not Apply. ................. 5

    II.   THIS ACTION SHOULD NOT BE TRANSFERRED FOR
        IMPROPER VENUE ........................................ 8

        A.    Defendant Has Not Established A Compelling Showing
            Of Inconvenience To Warrant Transfer ..................... 9

    III.  THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO
        STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ...... 10

Conclusion ........................................................................ 12

# **TABLE OF AUTHORITIES**

## **CASES**

Bodi Lukasewych v. Wells, Rich, Greene, Inc., 747 F. Supp. 1089, 1090
(S.D.N.Y. 1990) .................................................... 6

Mitsui & Co. V. America Export Lines, Inc., 636 F.2d 807, 822-23 (2d Cir. 1981) .......... 6

Monica Textile Corporation V. S.S. Tana, 952 F.2d 636 (2d Cir. 1991) ................... 6

Matsushita Elec. Corp. v. S.S. Aegis Spirit, 414 F. Supp. 894, 906 n. 52 ................. 6
 (W.D. Wash 1976)

St. Paul Fire & Marine Ins. Co. v. Sea-Land Serv., Inc. 735 F. Supp. 129, 132 ............. 6
 & n. 4 (S.D. N.Y. 1990)

Lewis v. Rahman, 147 F. Supp. 2d 225,233 (S.D.N.Y. 2001) ............................ 8

Terra Int'l, Inc. v. Miss. Chem. Corp. 119 F.3d 688,695 (8th Cir. 1997) ................. 9

Kovatch Corp. v. Rockwood Systems Corp., 666 F. Supp. 707, 708 (M.D. Pa. 1986) ........ 9

Shutte V. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) ........................... 9

Terra Int'l, Inc., 119 F.3d at 696-97 ................................................ 9

Wayland Investment Fund, LLC v. Seacarriers, Inc. 111 F. Supp 2d 450, 451 ............. 10
(S.D.N.Y. 2000)

## PRELIMINARY STATEMENT

Plaintiff, Pegasus Integrated Consulting, Corp. (hereinafter "Plaintiff" or "Pegasus") commenced this action in the Supreme Court of the State of New York, New York County under Index Number 07/601111 on April 3, 2007. Defendant, rue21, Inc. (hereinafter "Defendant" or "rue21") thereafter on April 23, 2007 removed the case to the United States District Court, Southern District of New York. Plaintiff commenced suit based on rue21's breach of contract and other related claims to recover sums that are due and owing to the Plaintiff pursuant to certain purchase orders with Defendant (hereinafter "Purchase Orders"). Contrary to Defendant's belief and contention Pegasus is the proper Plaintiff and United States District Court, Southern District of New York is the proper venue.

rue21 moves this Court to dismiss the Complaint for improper venue pursuant to Fed. R. Civ. P. 12 (b)(3) and 12 (b)(6), or in the alternative, pursuant to 28 U.S.C. §1406(a). In the event the Court does not dismiss the Complaint for improper venue, rue21 moves the Court to transfer this case to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

Defendant's final relief requested is dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted because Defendant alleged that Pegasus was not the vendor with respect to the Purchase Orders in controversy.

For reasons set forth below, this action should remain in the Southern District of New York and not the Western District of Pennsylvania or in Pennsylvania state court in Allegheny County, Pennsylvania as Defendant contends. Contrary to rue21's emphatic claims that each Purchase Orders contained a forum selection clause, in fact all Purchase Orders were missing the terms and conditions which contained the forum selection clause. Simply put, rue21's personnel never

1

provided the reverse side of the Purchase Orders which purportedly contain the aforementioned forum selection clause. Now the Defendant seeks to penalize the Plaintiff for its own neglect and carelessness.

This Court should further dismiss Defendant's motion under Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action because Pegasus is the proper party as it was doing business with Defendant under the trade name Hung Tat, all with the knowledge and consent of rue21 personnel as evidenced by invoices tendered by Pegasus and payments made directly to Pegasus by rue21. Purchase Orders under the trade name Khaotik Love and issued by Defendant were sold to Pegasus in the ordinary course of business. Thus, allowing Pegasus the capacity and ability to seek recovery of any claims for debts owed and damages suffered by Defendant.

In opposition to Defendant's motion, Plaintiff submits the affidavit of Frank Chih, the sole shareholder and officer of Pegasus and Khaotik, Inc.'s Chairman, Treasurer and fifty (50%) percent shareholder at the time the Purchase Orders were made (hereinafter "Chih Aff.").

Defendant's contentions and allegation against Plaintiff are clearly erroneous and misplaced. Plaintiff delivered and Defendant accepted the goods sold according to the Purchase Orders; however rue21 now refuses to pay the outstanding obligation due and owing to the Plaintiff. Instead, Defendant's has utilized arguments tantamount to misdirection and subterfuge.

## BACKGROUND FACTS

### The Parties

Pegasus is a manufacturing and wholesale apparel supplier incorporated in the State of New York and with its principal place of business at 520 Eighth Avenue, Suite 900, New York, New York 10018. Chih Aff. at ¶ 1. rue21 is a specialty clothing retailer incorporated in the

2

Commonwealth of Pennsylvania with offices in Warrendale, Pennsylvania. McDonough Aff. at ¶ 3.

### **The Purchase Orders**

In Plaintiff's ordinary course of business with Defendant certain purchase orders would be drafted and provided to Plaintiff. These purchase orders appeared to be standard form boiler plate created by rue21. Each purchase order on the front side contain categories for vendor style, short style, re ord, dept, class, size grid, color, color code, attrib code, description, cost, retail-for pre-ticketing, distribution instructions, total units, number packs, flow date, length and sizes. The front side also contains provisions for vendor name and information, order date, start ship date, cancellation date, terms and shipping instructions. Additional categories are provided to complete sufficient terms for the purchase of garment apparel from a specified vendor.

However, Defendant argues that the relevant text on the front side is the language commencing with "Attention Vendor ("Seller")" printed in the upper half of the purchase order close to the center in $1/16^{th}$ of an inch size in bold type. To exasperate the reading of this text is that original Purchase Orders were never provided to the Plaintiff. Instead, photo copies, facsimiles and scanned duplicates were tendered to Plaintiff. Nevertheless, this text refers to a reverse side of the purchase order and the rue21 Vendor Compliance Manual As Amended. Defendant through McDonough Aff. at ¶ 5 claims that terms and conditions on the reverse side of the Purchase Order and rue21's Vendor Compliance Manual are part of the Purchase Order. However, a careful reading of the aforementioned language instructs that the Vendor Guidelines are part of the Purchase Order not the Vendor Compliance Manual. A review of Exhibit B of Defendant's moving papers indicates that the Vendor Guidelines are described as attached to the Vendor Compliance Agreement.

Ostensibly, each vendor must sign this Vendor Compliance Agreement to be contractual bound by its terms and conditions. A vendor's failure to execute said Agreement negates any presumption of knowledge or consent to the terms as contained as the Vendor Guidelines thus vitiating any terms and conditions not contained in the four corners of the purchase order.

In the instant case, Plaintiff was never provided or received the reverse side of the Purchase Orders or the Vendor Compliance Agreement. Please see Chih Aff. at ¶¶ 7 and 9. Defendant oddly has not provided and can not provide an executed Vendor Compliance Agreement by the Plaintiff to support its allegations that Plaintiff was cognizant of the terms and conditions including the forum selection clause contained on the reverse side of the Purchase Order. Instead, rue21 meekly proffers a previously signed outdated Vendor Compliance Agreement signature page only executed by Mr. Chih when he was doing business with Venture Polygon, a completely separate entity unrelated to the action herein. Please see McDonough Aff. at ¶ 15.

It is basic hornbook contract law that Defendant can not argue that the forum selection clause is valid and binding to the Plaintiff if such clause was never included in any of the Purchase Orders or Vendor Compliance Agreement.

### The Vendors

Defendant is mistaken when assuming Pegasus is not the vendor herein. Curiously, Defendant is disingenuous in skirting the fact that rue21 and its personnel were cognizant and consented to Pegasus doing business under the Hung Tat trade name. Just as it was fully aware that Khaotik, Inc. was doing business under its trade name Khaotik Love. All invoices issued by Plaintiff to rue21 were on Pegasus letterhead. In fact, as evidence by wire transfer

4

confirmations, rue21 tendered payments directly to Pegasus for previous Hung Tat named purchase orders. Please see Chih Aff. ¶¶ 5 and 16.

Khaotik, Inc. is a separate entity based in California. However, Pegasus was the affiliated company handling the management, sales, manufacturing, distribution and financing for Khaotik's business. Please see Chih Aff. at ¶ 17. Khaotik, Inc. used the trade name Khaotik Love as the Vendor named in the Purchase Orders. Pegasus is the owner of Khaotik, Inc.'s Purchase Orders with rue21 as evidenced by a sales memorandum annexed to Chih Aff. as Exhibit "E". Thus, Pegasus is the proper party with capacity to commence this suit.

## LEGAL ARGUMENT

### I. THIS ACTION SHOULD NOT BE DISMISSED BECAUSE THE SOUTHERN DISTRICT OF NEW YORK IS THE PROPER VENUE

The Purchase Orders upon which Plaintiff has based its action upon did not contain a valid forum selection clause. Defendant failed and neglected to include the terms and conditions encompassing the forum selection clause into the Purchase Orders. Defendant effectively altered its pre-printed boiler plate form purchase order when it failed to provide the Plaintiff with both sides. Therefore, no valid forum selection governs this action. Consequently, the Southern District of New York is the proper venue and Defendant's motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or 12(b)(6), or alternatively pursuant to 28 U.S.C. §1406(a) should be denied in its entirety.

### A. THE FORUM SELECTION CLAUSE DOES NOT APPLY

Notwithstanding Defendant's argument that the front side of the Purchase Orders stated that Terms and Conditions on the face and reverse side of the Purchase Orders and the Vendor

Guidelines are part of the purchase order, Defendant's failure to provide the reverse side of the Purchase Orders and copy of the Vendor Guidelines defeat any attempts to incorporate same into the existing Purchase Orders.

As stated in Chih Aff. at ¶ 6 the reverse sides of the Purchase Orders were never provided nor issued. In fact, Plaintiff did not receive a two-sided Purchase Orders in person, by facsimile nor by email. Purchase Orders were customarily emailed followed by a facsimile transmission. In each occasion, only the front sides of the Purchase Orders were ever tendered. Id.

Courts have recognized unambiguous and legible terms and conditions contained on the reverse side of pre-printed boiler plate agreements. Bodi Lukasewych v. Wells, Rich, Greene, Inc., 747 F. Supp. 1089, 1090 (S.D.N.Y. 1990). However, in the case of missing terms and conditions not contained on the reverse side of agreements no such recognition can be provided.

The terms on the front side of the Purchase Orders in itself contained the requisite elements to form a binding contract between the parties. Language referring to additional terms and conditions on the reverse side only serve as a contract of adhesion in which ambiguities must be resolved against the drafter. Mitsui & Co. v. America Export Lines, Inc., 636 F.2d 807, 822-23 (2d Cir. 1981). "Clauses printed on the back of a form carry little weight toward establishing intent, being unilateral, self-serving declarations by the carrier which were not negotiated by the parties and could scarcely be discerned by unaided eye in the maze of microscopic and virtually illegible provisions on the back." Monica Textile Corporation v. S.S. Tana, 952 F.2d 636 (2d Cir. 1991) citing Matsushita Elec. Corp. v. S.S. Aegis Spirit, 414 F. Supp. 894, 906 n. 52 (W.D. Wash 1976); see also St. Paul Fire & Marine Ins. Co. v. Sea-Land Serv., Inc. 735 F. Supp. 129, 132 & n. 4 (S.D.N.Y. 1990) Therefore, the clauses contained on the reverse side including the forum selection clause should not be recognized let alone enforced.

As for the Khaotik Purchase Orders, Defendant submitted an affidavit by Carlos Gomez to validate that Khaotik was aware of the Terms and Conditions on the reverse side and have received both sides of the Purchase Orders in many instances. Plaintiff believes and therefore avers that Mr. Gomez, even though employed by Khaotik, is an interested party for the Defendant. Mr. Gomez was most likely induced to execute an affidavit on behalf of Defendant in hopes of preserving his ongoing business relationship with Defendant and outside the scope of Plaintiff. Contrary to Mr. Gomez's statements, Mr. Frank Chih accompanied Mr. Gomez to every meeting with rue21 and never did they receive a two sided copy of the Purchase Orders. Additionally, I was carbon copied on all emails containing the Purchase Orders and not one had the reverse side provided. Chih Aff. at ¶ 12.

Further at ¶ 6 of the Gomez affidavit, he stated that in connection with the Purchase Orders, he received and reviewed the Vendor Compliance Manual. This statement is again not true given that Mr. Chih had Mr. Gomez to all meetings with rue21 and they never receive a Vendor Compliance Manual As Amended. Only through discovery and trial will the Court realize the true nature of Mr. Gomez affidavit. Further, upon information and knowledge, it is customary for rue21 to have vendors sign the Vendor Compliance Agreement to acknowledge receipt. However, in this case no documentary evidence has been submitted by the Defendant to support their contentions. The obvious reason being that no Vendor Compliance Manual As Amended was ever provided to Mr. Gomez or Mr. Chih. Chih Aff. at ¶ 13.

Defendant knowing that it had neglected to provide the reverse side of the Purchase Orders to Plaintiff desperately attempts to incorporate an outside written instrument, i.e., the Vendor Compliance Manual, into the Purchase Orders by claiming boilerplate contract principle in which "a paper referred to in a written instrument and sufficiently described may be made part

7

of the instrument as if incorporate into the body of it." citing <u>Lewis v. Rahman</u>, 147 F. Supp. 2d 225, 233 (S.D.N.Y. 2001) However, a review of Lewis instructs that the "paper to be incorporated must be clearly identified in the contract so that it is clear beyond a reasonable doubt. <u>Id</u>. at 233. Here the text refers to the "Vendor Guidelines as explained in the rue21 Vendor Compliance Manual." In this case the "paper" was not clearly identified. An examination of Exhibit B of Defendant's moving papers, the Vendor Compliance Manual, indicates the it is actually a Vendor Compliance Agreement which then incorporates and explains the Vendor Guidelines, not the Vendor Compliance Manual. Further, the first reference to Vendor Compliance Manual in the body of the text labels such "As Amended" and then fails to subsequently make the same reference leading reasonably intelligent individuals to assume there are multiple versions of the Manual.

To exasperate the circumstances, Defendant failed and neglected to provide the Vendor Compliance Agreement along with the Vendor Guidelines within the Vendor Compliance Manual to the Plaintiff. Chih Aff. at ¶ 13.

## II.   THIS ACTION SHOULD NOT BE TRANSFERRED FOR IMPROPER VENUE

The Court should not transfer this case to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) ("§1404(a)")because no agreed venue was provided for between the parties herein and the Defendant has not established a compelling showing of inconvenience to warrant such a transfer. Section 1404(a) provides in pertinent part, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2000)

8

The moving party has the burden of proving a transfer is warranted <u>Terra Int'l, Inc. v. Miss. Chem. Corp.</u> 119 F.3d 688, 695 (8th Cir. 1997)

### A. DEFENDANT HAS NOT ESTABLISHED A COMPELLING SHOWING OF INCONVENIENCE TO WARRANT TRANSFER

Plaintiff's choice of forum should not be disturbed unless the movant for transfer demonstrates that the balance of convenience and justice weighs heavily in favor for transfer. <u>Kovatch Corp. v. Rockwood Systems Corp.</u>, 666 F. Supp. 707, 708 (M.D. Pa. 1986) (citing <u>Shutte v. Armco Steel Corp.</u>, 431 F.2d 22, 25 (3d Cir. 1970) (stating "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request")). Consequently, mere shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue. <u>Terra Int'l, Inc.</u>, 119 F.3d at 696-97.

The Defendant relies improperly on a non existing forum selection clause not within the four corners of the Purchase Orders and not incorporated by reference through additional language. Nevertheless, they seek to shift the burden to the Plaintiff without any compelling showing of inconvenience. The case is already before this Court and Defendant's counsels have appeared and admitted Pro Hac Vice. In the interest of justice, without a forum selection clause, Defendant can not meet the burden of showing inconvenience.

Plaintiff's principal place of business is here in New York, all his records and personnel are located here in New York. Plaintiff, contrary to Defendant's belief, did not waive its right to assert New York as the proper venue. As stated before, any terms and conditions on the reverse side of the Purchase Orders do not apply to the agreement the parties consummated therein.

9

Accordingly, this Court should not transfer the case to Western District of Pennsylvania.

### III. THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

As shown above, this action should not be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because Pegasus is the proper party with standing to commence this suit. As stated the Chih Aff. at ¶ 5 Hung Tat was only a trade name for Pegasus. Defendant was cognizant of this business relationship and consented therewith by honoring invoices with Pegasus letterhead and by tendering payment directly to Pegasus bank accounts. Defendant's claim of ignorance to Pegasus's identity is disingenuous at best.

Additionally, although Khaotik, Inc. is a separate legal entity, Pegasus was the affiliated company handling the management, sales, manufacturing, distribution and financing for Khaotik, Inc.'s business. Consequently, Pegasus invoiced outstanding obligations owed to Khaotik. Chih Aff. at ¶ 17. Furthermore, Khaotik sold all purchase orders from rue21 to Pegasus to satisfy outstanding debt obligations and to reconcile accounts. Chih Aff. at ¶ 18.

When presented with a motion to dismiss, a court must assume that the allegations set forth in the complaint are true, and the motion may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Wayland Investment Fund, LLC v. Seacarriers, Inc. 111 F. Supp 2d 450, 451 (S.D.N.Y. 2000) The allegations in the Complaint are true and the relief can clearly be provided for the causes of action alleged therein. Thus, under the above standard, it is clear that Defendant request for dismissal should be denied in its entirety.

In conclusion, for all the reasons set forth above, Pegasus is the proper party with standing in this case. As a result, Plaintiff respectfully submits that Defendant's application for

dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted be dismissed in its entirety.

## **CONCLUSION**

For all the foregoing reasons set forth in detail above, Plaintiff respectfully requests the Court to: (1) deny Defendant's request for dismissal in under of the forum selection clause not contained in the Purchase Orders; (2) deny the transfer of this action to the United States District Court of Western Pennsylvania; (3) deny Defendant's request to dismiss the complaint for failure to state a claim upon which relief may be granted; (4) and award such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              June 20, 2007

 

Tony C. Chang (TC 0360)
Law Offices of Tony C. Chang
299 Broadway, Suite 1700
New York, New York 10007
Telephone: (212) 868-9190

*Attorneys for*
*Pegasus Integrated Consulting Corp.*

12

I, Tony Chang, hereby certify that on the 20th day of June 2007, I caused a true and accurate copy of the foregoing Memorandum of Law in Opposition to Defendant's Motion to Dismiss or Tranfer, to be served by first class mail, postage prepaid, addressed to :

        Reed Smith, LLP
        599 Lexington Avenue
        New York, New York 10022

                                    Tony Chang